CASE NO. 26-1283/26-1821
UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

JUAN JOSE SOTO-MEDINA [26-1283]

JOSE GUADALUPE JAIMES [26-1821]

Petitioners – Appellees,

v.

KEVIN RAYCRAFT, IN HIS OFFICIAL CAPACITY AS ACTING FIELD OFFICE DIRECTOR, DETROIT FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MARKWAYNE MULLIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY [26-1283]

MAT KING, Sheriff of the St. Clair County Jail; KEVIN RAYCRAFT, Director of U.S. Immigration and Customs Enforcement and Removal Operations, Detroit Field Office; MARKWAYNE MULLINS, Secretary of U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement; TODD W. BLANCHE, U.S. Attorney General; U.S. DEPARTMENT OF HOMELAND SECURITY [26-1821]

Respondents – Appellants.

On Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.

No. 25-cv-01704 (26-1283)—Jane M. Beckering, District Judge

On Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.

No. 26-cv-11327 (26-1821)—Gershwin A. Drain, District Judge

## PETITIONERS-APPELLEES' JOINT MOTION TO HOLD APPEALS IN ABEYANCE

Michael Drew (IL 6332220)
Neighborhood Legal, LLC
20 N. Clark, St. #3300
Chicago, Illinois 60602
773-505-2410
mwd@neighborhood-legal.com

*Attorney for Petitioner-Appellee Juan Jose Soto-Medina*

Daniel Randazzo (P39935)
Law Office of Daniel Randazzo
2731 S Adams Rd, Ste 100
Rochester Hills, MI 48309
(248) 853-1003
attyrandaz@aol.com

*Attorney for Petitioner-Appellee Jose Guadalupe Jaimes*

Pursuant to Federal Rule of Appellate Procedure 27 and the Court's authority to manage its docket, Petitioners-Appellees Juan Jose Soto-Medina and Jose Guadalupe Jaimes respectfully move to hold these consolidated appeals in abeyance pending the Supreme Court's disposition of *Genalo v D.C.*, No. 26-379. In support of the motion, Petitioners-Appellees state as follows:

These appeals arise from habeas proceedings addressing the burden and standard of proof in bond hearings under 8 U.S.C. § 1226(a). In both cases, the district court imposed the burden of proof on the government to justify Petitioners-Appellees' detention by clear and convincing evidence. *See Peters v. Raycraft*, No. 26-cv-1030, 2026 WL 1199223, at *2 (W.D. Mich. May 1, 2026); *Jaimes v. King*, No. 26-cv-11327, 2026 WL 2030810, at *12 (E.D. Mich. July 14, 2026).

On June 15, 2026, the U.S. Supreme Court granted a petition for writ of

certiorari in *Genalo v. Black*, No. 25-886. Among the questions presented were (1) "[w]hether there is a point at which an alien's detention under Section 1226(c), pending a decision on whether he is to be removed, becomes 'unreasonably prolonged,' such that due process requires a bond hearing" and (2) "[i]f so, whether, in such a bond hearing, due process requires placing the burden on the government to justify the alien's continued detention by clear and convincing evidence." Petition for a Writ of Certiorari at I, *Genalo v. Black*, No. 25-866 (U.S. Jan. 22, 2026). After the Supreme Court agreed to hear *Black*, this Court began holding appeals in abeyance that raised similar questions under 8 U.S.C. § 1226(a). *See, e.g.*, Order, *Pham v. Raycraft*, No. 26-1538 (6th Cir. July 20, 2026).

On September 11, 2026, the Supreme Court dismissed the appeal in *Black*. *See* No. 25-886, U.S. Sup. Ct., https://www.supremecourt.gov/docket/docketfiles/html/public/25-886.html (last visited Oct. 30, 2026). By that point, briefing in the case was nearly closed, and oral argument had already been scheduled. *See id.* The case, however, had become moot after the noncitizen in *Black* received a pardon. *See* Kelsey Dallas, *Supreme Court Dismisses Immigration Case That Was Scheduled for Argument in October*, SCOTUSblog (Sept. 11, 2026), https://www.scotusblog.com/2026/09/supreme-court-dismisses-immigration-case-that-was-scheduled-for-argument-in-october/. The government stipulated to the dismissal, but it did so "with the aim of identifying alternative vehicles . . . that

would still allow this Court to resolve the questions presented during October Term 2026." Letter from D. John Sauer, U.S. Solic. Gen., Dep't of Just., to Scott S. Harris, Clerk, U.S. Sup. Ct. (Sept. 11, 2026) (on file with author).

Ten days later, the government made good on its promise. It filed a petition for certiorari before judgment in *Genalo v. D.C.* raising the same legal issues that the Court agreed to hear in *Genalo v. Black*. *See* Petition for a Writ of Certiorari Before Judgment at I, *Genalo v. D.C.*, No. 26-379 (U.S. Sept. 21, 2026). According to the petition, "[t]he Court has previously granted certiorari before judgment to allow a case to replace one that was dismissed." *Id.* at 3. The government now urges the Court to "do the same here." *Id.*

On October 26, 2026, this Court granted a motion to hold a related appeal in abeyance pending the Supreme Court's disposition of *D.C. See* Order, *Peters v. Raycraft*, No. 26-1562 (6th Cir. Oct. 26, 2026). As in these cases, the lower court in *Peters* concluded that the government bears the burden of proof in bond hearings under 8 U.S.C. § 1226(a) and must establish a ground for detention by clear and convincing evidence. *See Peters v. Raycraft*, No. 26-cv-1030, 2026 WL 1199223, at *2 (W.D. Mich. May 1, 2026). Indeed, the merits discussion in *Peters* relied entirely on the district judge's earlier analysis in *Soto-Medina*. *See id.*

The questions presented in *D.C.* are just as germane to the instant appeals as they are to *Peters*. The Supreme Court's disposition of *D.C.* may clarify what due

process demands in bond hearings for noncitizens, alter the governing legal standard, or otherwise materially affect the proceedings here. Accordingly, holding these appeals in abeyance will avoid potentially unnecessary or duplicative briefing, promote consistent treatment among appeals raising identical legal issues, and eliminate the need for supplemental briefing or reconsideration in light of *D.C.*

Counsel in *Jaimes* reached out to Respondents-Appellants new counsel on October 30, 2026, regarding the relief requested in this motion. Counsel for Respondents-Appellants stated on November 2, 2026 that he does not concur. (A)

Accordingly, Petitioners-Appellees respectfully request that the Court hold the appeals in Nos. 26-1283 and 26-1821 in abeyance pending *Genalo v. D.C.*, No. 26-379. Petitioners-Appellees propose filing a status report within fourteen days of the Supreme Court's disposition of the petition.

Respectfully submitted,

s/ Michael Drew (IL 6332220)*
Neighborhood Legal, LLC
20 N. Clark, St. #3300
Chicago, Illinois 60602
773-505-2410
mwd@neighborhood-legal.com

*Attorney for Petitioner-Appellee Juan Jose Soto-Medina*

s/ Daniel Randazzo (P39935)
Law Office of Daniel Randazzo
2731 S Adams Rd, Ste 100
Rochester Hills, MI 48309
(248) 853-1003
attyrandaz@aol.com

*Attorney for Petitioner-Appellee Jose Guadalupe Jaimes*

Dated: November 5, 2026

**Counsel for Petitioner-Appellee Jose Guadalupe Jaimes received permission from counsel for Petitioner-Appellee Juan Jose Soto-Medina to sign the instant motion on his behalf.*

**CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because the word counting feature of counsel's word processing programs shows that this brief contains 12,991 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Sixth Circuit Rule 32(b)(1).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(A)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

s/ Daniel Randazzo
Daniel Randazzo (P39935)
Attorney for Petitioner-Appellee Jose Guadalupe Jaimes

## CERTIFICATE OF SERVICE

This document will be served on November 5, 2026, on all counsel of record via the Court's ECF system.

s/ Daniel Randazzo________________
Daniel Randazzo (P39935)
Attorney for Petitioner-Appellee Jose Guadalupe Jaimes

CASE NO. 26-1283/26-1821
UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

JUAN JOSE SOTO-MEDINA [26-1283]

JOSE GUADALUPE JAIMES [26-1821]

Petitioners – Appellees,

v.

KEVIN RAYCRAFT, IN HIS OFFICIAL CAPACITY AS ACTING FIELD OFFICE DIRECTOR, DETROIT FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MARKWAYNE MULLIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY [26-1283]

MAT KING, Sheriff of the St. Clair County Jail; KEVIN RAYCRAFT, Director of U.S. Immigration and Customs Enforcement and Removal Operations, Detroit Field Office; MARKWAYNE MULLINS, Secretary of U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement; TODD W. BLANCHE, U.S. Attorney General; U.S. DEPARTMENT OF HOMELAND SECURITY [26-1821]

Respondents – Appellants.

On Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.

No. 25-cv-01704 (26-1283)—Jane M. Beckering, District Judge

On Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.

No. 26-cv-11327 (26-1821)—Gershwin A. Drain, District Judge

## INDEX OF EXHIBITS TO JOINT MOTION TO HOLD APPEALS IN ABEYANCE


| | |
|---|---|
| EXHIBIT A. | November 2, 2026 Email |

# Exhibit A

Gmail **Heather Waskowski <randazzolaw2731@gmail.com>**

# RE: [EXTERNAL]

**Oliveira, Andrew (CIV)** <Andrew.Oliveira@usdoj.gov> Mon, Nov 2, 2026 at 1:31 PM
To: Dan Randazzo <attyrandaz@aol.com>
Cc: Heather Waskowski <randazzolaw2731@gmail.com>, Michael Drew <mwd@neighborhood-legal.com>

Mr. Randazzo,

Thank you for sending over this over. The Government is opposed to holding this case in abeyance pending a decision in Genalo v. D.C.

Sincerely,

Andrew Oliveira

---

**From:** Dan Randazzo <attyrandaz@aol.com>
**Sent:** Monday, November 2, 2026 1:20 PM
**To:** Oliveira, Andrew (CIV) <Andrew.Oliveira@usdoj.gov>
**Cc:** Heather Waskowski <randazzolaw2731@gmail.com>; Michael Drew <mwd@neighborhood-legal.com>
**Subject:** [EXTERNAL]

Andrew,

I have attached the draft of the motion to hopefully clarify the basis for the stay.

Please let me know if you concur.

Dan

Daniel Randazzo P39935

2731 S. Adams Rd. Ste 100

Rochester Hills, MI 48309

248-853-1003